Filed 9/11/14  P. v. Moore CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050240 |
| v. | (Super. Ct. No. FVI1102514) |
| MICHAEL ADAM MOORE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of San Bernardino County, John M. Tomberlin, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie Garland, Assistant Attorney General, Charles C. Ragland and Scott C. Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

A jury found defendant Michael Adam Moore guilty of possessing marijuana for sale (Health & Saf. Code, § 11359). In a bifurcated trial, the court found a prior strike to be true. The court sentenced defendant to state prison for a term of two years and eight months with various fines and fees.

In his appeal, defendant contends (1) insufficient evidence supports his conviction, (2) the jury instruction dealing with possession for sale was incorrect, (3) the court erred in admitting evidence of his prior felony conviction, and (4) the court erred in failing to strike his prior strike. We disagree with each of these contentions and affirm the judgment.

FACTS

Shortly after midnight, Officer Johnnie Mamon stopped defendant's vehicle after observing an apparent traffic violation. Upon approaching the vehicle, Mamon noted odors of alcohol and marijuana. Defendant got out of his vehicle but did not exhibit symptoms of being under the influence. Mamon asked defendant if he carried anything that would cut or poke him, to which defendant responded he had two baggies of marijuana in his pocket. Mamon removed two Ziplock baggies, each containing approximately 1.4 grams from defendant's front pants pocket. Defendant stated he had four more baggies under the floor mat and that he had a medical marijuana recommendation. Mamon concluded, based on the amount of marijuana found and the manner in which it was packaged, that defendant possessed the marijuana for sale and then placed him under arrest.

Mamon read defendant his rights under *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602, 16 L.Ed.2d 694]. Defendant told Mamon he had been a truck driver but now sold marijuana for money. He was coming from a pool hall in Victorville

2

where he had sold marijuana. He told Mamon he would sometimes sell to persons with marijuana cards and sometimes to persons without the cards. He sold each baggie for $10.

After transporting defendant to the jail, Mamon again interviewed defendant after reminding him of the *Miranda* advice. The second interview was tape recorded and was played to the jury. During this interview, defendant admitted he grew marijuana in his house. After obtaining a warrant, Mamon searched defendant's house and found growing marijuana plants in what he described as a "makeshift growing area," which included lighting equipment to grow marijuana indoors. He also found a large sandwich baggie containing over an ounce of marijuana. Because of the amount of marijuana, the way it was packaged, and based on what defendant had told him, Mamon formed the opinion defendant sold marijuana.

Defendant testified at his trial. He stated he had a medical marijuana recommendation for back pain. Before his arrest he had consumed two pitchers of beer over a nine-hour period. He had also smoked marijuana. He normally uses less than two grams per day and that the amount of marijuana he grew at home was not even adequate for his own needs. Defendant claimed when Mamon asserted he had the packages for sale, he responded, "'No. I don't sell.'" Thereupon, Mamon told him he was under arrest for driving under influence. Defendant also testified Mamon told him "'I'm not going to give you the DUI. I see you've got a weed card. Just tell me you sell. I can write you a citation for that, and I won't tow your vehicle.'" Defendant preferred receiving a citation over losing his driver's license and therefore started to talk about his marijuana activities. Later, he told Mamon about going to the pool hall and acknowledged selling the marijuana. Defendant claimed telling Mamon about selling at the pool hall was just an attempt to be cooperative to receive a mere citation.

3

DISCUSSION

*1. Sufficient evidence supports defendant's conviction of possession for sale.*

Defendant stresses Mamon's conclusion the marijuana was held for sale was "based on the amount and the way it was packaged, and based on what [defendant] told me." But on cross-examination Mamon acknowledged the marijuana found at defendant's house could have been cultivated for personal use. Defendant argues that with this uncertainty, the evidence is not sufficient to support the conviction based on possessing marijuana for sale. This argument conveniently fails to refer to his own admissions to Mamon when he was first arrested and, again, when examined the second time as reflected on the recording.

We need not parse Mamon's words, defendant's admissions, regardless of his subsequent explanation, without more provides substantial evidence defendant was in the business of selling marijuana. Mamon testified that, after his arrest, defendant admitted selling to persons both with marijuana cards and without the cards. He sold each baggie for $10. And the recorded statement reflects the following: "Mamon: Okay. And you told me over there that you go to the pool hall, and if somebody want any, how much do you sell 'em for? [¶] Moore: Um, no, I don't go there with strictly an intent to sell. [¶] Mamon: But if somebody – [¶] Moore: If somebody approaches me – [¶] Mamon: And how much do you – [¶] Moore: Specifically – [¶] Mamon: Right. [¶] . . . [¶] How much do you charge 'em for it? [¶] Moore: Um I would sell to anybody, my friends, ten dollars a gram. [¶] Mamon: Ten dollars a gram? [¶] Moore: Yes, sir."

Defendant fails to refer to this testimony either in his opening brief or in his reply brief. But we cannot ignore it and the jury was entitled to disbelieve defendant's

4

testimony he only made these statements in order to be cooperative. Substantial evidence supports the conviction.

*2. The jury was properly instructed on possession with intent to sell.*

The court instructed the jury with CALCRIM No. 2352, which provides: "The defendant is charged with possessing for sale marijuana, a controlled substance. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant possessed the controlled substance; [¶] 2. The defendant knew of its presence; [¶] 3. The defendant knew of the substance's nature or character as a controlled substance; [¶] 4. When the defendant possessed the controlled substance, he intended to sell it; [¶] 5. The controlled substance was marijuana; AND [¶] 6. The controlled substance was in a usable amount. [¶] *Selling* for the purpose of this instruction means exchanging the marijuana for money, services, or anything of value." The instruction then goes on to define the terms "usable amount," "marijuana," and "possession."

Defendant complains the court failed to modify the instruction to also state "where the evidence showed that the possession was consistent with personal use, it could not draw an inference of possession for sale." We first note that the instruction given was a correct statement of the law. Next, the instruction explicitly states defendant must have intended to sell the marijuana. A pinpoint instruction stating in effect that possession for personal use, i.e., possession without intent to sell does not satisfy the elements required for the crime, would be redundant.

Furthermore, defendant did not request such a pinpoint instruction. "'"[W]hen a defendant presents evidence to attempt to negate or rebut the prosecution's proof of an element of the offense, a defendant is not presenting a special defense invoking *sua sponte* instructional duties. While a court may well

5

have a duty to give a 'pinpoint' instruction relating such evidence to the elements of the offense and to the jury's duty to acquit if the evidence produces a reasonable doubt, such 'pinpoint' instructions are not required to be given *sua sponte* and must be given only upon request.""" (*People v. Anderson* (2011) 51 Cal.4th 989, 996-997.)

*3. The court did not err in permitting the prosecution to question defendant about his previous burglary conviction.*

In its trial brief, the prosecution noted its intent to use defendant's prior conviction for first degree burglary if defendant testified. Defendant argued under Evidence Code section 352 the conviction should be excluded as too remote (14 years earlier) and that defendant was only 16 years old at the time. The court overruled the objection. Based on this ruling, defendant admitted on direct he was convicted of first degree burglary in 1998. There was no further reference to the conviction in cross-examination and the prosecutor's reference to it in closing argument was very brief. The court instructed the jury with CALCRIM No. 316, advising the jury of the limited purpose for which they might use this evidence.

Defendant acknowledges we review this ruling for abuse of discretion. (*People v. Paniagua* (2012) 209 Cal.App.4th 499, 518. "To constitute an abuse of discretion, 'the resulting injury [must be] sufficiently grave to manifest a miscarriage of justice. [Citation.] In other words, . . . the court [must] exceed[ ] the bounds of reason, all of the circumstances being considered.' [Citation.] In most instances the appellate courts will uphold the exercise of discretion even if another court might have ruled otherwise." (*People v. Feaster* (2002) 102 Cal.App.4th 1084, 1092.) Using this test, we can hardly conclude the admission of defendant's prior conviction was so "grave [as to] manifest a miscarriage of justice." (*Ibid.*) The court did not abuse its discretion.

6

*4. The court did not abuse its discretion in denying defendant's motion to dismiss his prior strike.*

Defendant's final argument is that, when sentencing him, the court abused its discretion in denying his motion to dismiss the prior strike. The trial court imposed the low term because the amount of marijuana was small but concluded striking the strike was not justified. The court reasoned defendant had "decided it was too much work to drive a truck and found it was easier to sell marijuana down at the pool hall."

As with the admission of evidence, we review the trial court's denial of the motion to strike under an abuse of discretion standard. (*People v. Clancey* (2013) 56 Cal.4th 562, 581.) The trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

In considering both the small amount of marijuana and defendant's attitude towards maintaining himself, the court struck a proper balance between imposing the low term and denying the motion to strike the prior. The court did not abuse its discretion.

# DISPOSITION

The judgment is affirmed.


                                                  RYLAARSDAM, ACTING P. J.

WE CONCUR:


BEDSWORTH, J.


ARONSON, J.